FIGUEROA, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS,.
RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador
de la Propiedad de Caguas denegando la inscripción de
una escritura de compraventa.

No. 433.—Resuelto en diciembre 9, 1919.

INSCRIPCIÓN—RENUNCIA DE DERECHOS—ARTÍCULO 20 DE LA LEY HIPOTECARIA.—
A y B compraron por escritura pública dos solares a C quien luego vendió
la finca a D con la descripción que tenía antes de esas segregaciones rese-
ñadas con las letras (*b*) y (*c*). Presentó A al registrador su título de ad-
quisición del solar (*b*) acompañado de una escritura, en la cual D hizo cons-
tar: que si bien de su título de adquisición aparece el otorgante comprando
la totalidad de la finca antes citada, lo cierto fué que la adquirió sin los so-
lares (*b*) y (*c*) arriba mencionados que habían sido anteriormente segregados
y vendidos a A y a B, por lo que hacía constar tal hecho queriendo que se
entendiera así para todos los efectos legales y que no se oponía a que A y B
inscribieran sus solares en el registro. Entablado recurso contra nota. del
registrador denegando la inscripción del solar letra (*b*), *se resolvió:* que en-
trañando el acta otorgada por D una renuncia de derechos por reconocimiento
de una venta anterior, tal renuncia es bastante para que se verifique la ins-
cripción pretendida.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador recurrido, Sr. Pedro Gómez Lasarre, no
compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Por escritura pública de 3 de agosto de 1917 otorgada
ante el notario Andrés Mena Latorre, los dueños de una
finca de 652 metros 59 centímetros cuadrados, inscrita en
el Registro de la Propiedad de Caguas, segregaron de ella
dos solares que reseñaron bajo las letras B y C y vendieron
el solar B con una casa a Zoilo Figueroa y el otro solar a
Ramón R. Roldán.

Por otra escritura pública de 13 de abril de 1919, otor-
gada ante el mismo notario, manifestó Félix Pérez López
haber comprado por escritura pública de 10 de febrero de
1918 la finca de 652 metros 59 centímetros cuadrados, de

que antes hemos hecho referencia, y que si bien del documento aparece que compró la totalidad de la finca lo cierto fué que adquirió la finca sin los solares B y C que habían sido segregados y vendidos con anterioridad a Zoilo Figueroa y a Ramón R. Roldán por lo que como aclaración y ratificación hacía constar ese hecho y quería que se entendiera así para todos sus efectos legales y que no se oponía a que los compradores de esos solares B y C los inscribieran a su nombre en el registro de la propiedad.

Presentadas esas dos escrituras en dicha oficina el registrador se negó a hacer la inscripción de compra de Figueroa del solar B fundándose en que la finca de la cual se segrega se halla inscrita a favor de Félix Pérez López, persona distinta de los vendedores del solar (art. 20 de la Ley Hipotecaria) y porque si bien se presenta como documento complementario la escritura otorgada por Félix Pérez López con el fin de obviar el obstáculo proveniente del registro que impide la inscripción, como antes expresa, dicha escritura no es suficiente: (a) porque mientras subsista la inscripción tal cual está a favor de Pérez no es posible inscribir más transmisiones que las verificadas por éste, siendo evidente que la susodicha escritura llamada aclaratoria y ratificación no es un título traslativo del dominio del inmueble cuya inscripción se solicita (art. 2 supra); (b) porque los documentos públicos hacen prueba contra todos del hecho que motivó su otorgamiento y de la fecha de éste, pero no la hacen contra tercero de las declaraciones consignadas por los otorgantes, no pudiendo, por tanto, las consignadas en la mencionada escritura aclaratoria perjudicar los derechos de los terceros que en la misma se mencionan 16 D. P. R. 766; (c) porque una escritura de ratificación de venta debe ser otorgada por todos los interesados en la cosa vendida y en la escritura aclaratoria faltan todos los interesados y sobra el otorgante Pérez que no fué parte en la escritura ratificada, o sea la que es objeto de la nota denegatoria (22 D. P. R. 171); y por último porque habiendo fijado la ley hi-

potecaria en sus artículos 77 al 82, 254 al 264 y sus concordantes del reglamento el medio de extinguir las inscripciones y de rectificar los errores cometidos en las mismas, ya provengan del título o del registro, no es lícito a las partes prescindir de él para acudir a otro distinto como se hace en este caso, de una manera anómala, confusa y sin precedente legal alguno.

Contra la negativa de inscripción interpuso Zoilo Figueroa el presente recurso gubernativo.

Como se ve, la dificultad para la inscripción del solar comprado por Figueroa ha surgido por haber presentado su título para inscripción después de estar inscrita a favor de Pérez la finca de 652 metros 59 centímetros cuadrados en su totalidad, por haberse hecho la descripción de la finca que compró sin tener en cuenta las segregaciones y enajenaciones que de ella habían hecho las personas que la vendieron.

Aunque el artículo 20 de la Ley Hipotecaria dispone que para inscribir o anotar títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen; y aunque en este caso la finca no se halla inscrita ahora a favor de las personas que hicieron la venta al recurrente del solar y casa que describieron con la letra B en la escritura de 3 de agosto de 1917 que se trata de inscribir, sino a favor de persona distinta, sin embargo, como ese artículo tiene por objeto la protección de los derechos de las personas que tienen inscritos sus títulos o derechos reales en el registro, entendemos que la inscripción a favor de Félix Pérez López no es obstáculo para que se inscriba la mencionada escritura de venta de 3 de agosto de 1917, porque de la otra escritura de 13 de abril de 1919 otorgada por el actual dueño del inmueble a quien perjudicaría la inscripción solicitada, aparece que consiente en que tal

inscripción se haga, renunciando de ese modo el derecho que la ley quiso protegerle, escritura que si bien no es de trasmisión de derechos es no obstante inscribible de acuerdo con el No. 2º. del artículo 2 de la dicha ley, porque contiene la extinción del derecho de dominio sobre el mencionado solar y casa, otorgada por el que resulta ser dueño según el registro.

Las manifestaciones de esa escritura no perjudican derechos de las terceras personas que en ella se mencionan, o sea de los anteriores dueños de la finca, porque éstas trasmitieron tales derechos a Zoilo Figueroa por el contrato de venta que con él celebraron sobre dicho solar y casa; y tampoco es necesario su comparecencia en la escritura de 13 de abril de 1919, porque aunque se la califica como ratificación de venta no es sino de renuncia de derechos por reconocimiento de una venta anterior.

No es necesario tampoco que se sigan las reglas establecidas para extinguir las inscripciones y rectificar los errores que en éstas se hayan cometido porque al hacer la inscripción a favor de Félix Pérez López de acuerdo con su título no se cometió error alguno que deba ser corregido; ni se trata de extinguir dicha inscripción sino solamente de inscribir un título anterior de venta mediante la renuncia extintiva del derecho inscrito en cuanto a la adquisición que había hecho el recurrente, por reconocerlo y aceptarlo el actual dueño de la finca y consentir en que se inscriba.

Por las razones expuestas la nota recurrida debe ser revocada y ordenarse la inscripción.

> *Revocada la nota recurrida y ordenada la inscripción denegada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.